UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sunlight Logistics, Inc.,                              Civ. No. 21-357 (PAM/KMM)

         Plaintiff,

v.                                              **MEMORANDUM AND ORDER**

County Hall Insurance Company, Inc.,

         Defendant.

This matter is before the Court on Defendant's Motion to Dismiss or to Transfer. For the following reasons, the Motion is denied.

**BACKGROUND**

Plaintiff Sunlight Logistics, Inc., is a freight carrier based in Rosemount, Minnesota. (Compl. (Docket No. 1) ¶ 2.) Defendant County Hall Insurance Company is risk-retention-group insurer incorporated and headquartered in North Carolina. Sunlight maintained USDOT-required liability insurance through County Hall for at least two years before the occurrence giving rise to this coverage action.

In early January 2020, Sunlight added a driver named Abdiwahab Aamin to its County Hall policy. (Id. ¶ 15.) On January 25, 2020, a tractor-trailer Mr. Aamin was driving was involved in a collision with another vehicle north of the Dallas/Fort Worth area in Texas. (Id. ¶ 17.) Another Sunlight driver, Mahdi Garas, was also in the truck at the time of the accident. (Id.) Sunlight notified County Hall of the accident two days later. (Id. ¶ 8.) The next day, County Hall sent Sunlight a "Named Driver Exclusion Election" purporting to exclude Mr. Aamin as a named driver under Sunlight's policy. (Id. ¶ 20.)

County Hall also sent Sunlight a "Named Driver Exclusion Endorsement" that purported to exclude Mr. Aamin from coverage. (Id. ¶ 25.) Sunlight did not sign or return either of these documents to County Hall.

Three individuals injured in the collision sued Sunlight in federal court in Texas. (Id. ¶ 38.) On March 24, 2020, County Hall denied coverage to Sunlight for the accident, claiming that Mr. Aamin was excluded under the two documents County Hall sent after the accident. (Id. ¶ 36.) County Hall has refused to defend Sunlight in the Texas case. (Id. ¶ 40.) Because County Hall has not defended, the Texas court entered a clerk's default against Sunlight and Mr. Aamin on January 7, 2021. (Id. ¶ 42.)

Sunlight's Complaint seeks a declaratory judgment that the "Named Driver Exclusion Election" and "Named Driver Exclusion Endorsement" are invalid, and that County Hall is obligated to defend Sunlight in the Texas lawsuit. Sunlight also asserts that County Hall's refusal to defend Sunlight breached the parties' contract.

County Hall now moves to dismiss or in the alternative to transfer venue on the basis of the policy's forum-selection clause. This clause, called the "Extrinsic Evidence, Independent Counsel and Choice of Law Endorsement" provides "all claims under the policy will be handled by [County Hall's] third-party claim administrator in Omaha, Nebraska" and that "all actions related to the handling of claims under the policy shall be interpreted under and governed by the laws of the State of Nebraska." (Harris Decl. Ex. A (Docket No. 19).) Further, this endorsement provides that "all litigation arising out of or related to this policy . . . and all actions related to the handling of claims under the policy[] shall take place in the State of Nebraska." (Id.) The endorsement also preserves the parties'

2

right to remove any state-court proceeding "to federal court sitting in the State of Nebraska." (Id.)

**DISCUSSION**

Because the forum-selection clause at issue allows for venue in a Nebraska federal court, it is "enforced through a motion to transfer under [28 U.S.C.] § 1404(a)." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 59 (2013).[1] "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Id. at 62. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id.

> When faced with a motion to transfer under § 1404(a), the Court engage[s] in a three-step inquiry. First, the Court must determine whether the District Court of Minnesota is a proper venue, without regard to the forum-selection clause. This is because "[s]ection 1404(a) applies only if the initial federal forum is a proper venue," pursuant to 28 U.S.C. § 1391. See Alan Wright, et al. 14D Fed. Prac. & Proc. Juris. § 3829 (4th ed.). Second, the Court must determine the validity of the forum-selection clause. If the clause is valid, then third and finally, the Court must weigh a series of factors to determine the enforceability of the clause.

Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc., 88 F. Supp. 3d 1034, 1040-41 (D. Minn. 2015) (Nelson, J.).

---

[1] County Hall properly brought this Motion as one to dismiss or to transfer, because if a forum-selection clause specifies a non-federal jurisdiction, the Court must dismiss the matter without prejudice to allow the plaintiff to re-file it in that jurisdiction. The Court's analysis under either a motion to dismiss for forum non conveniens or a § 1404(a) motion to transfer is the same. Atlantic Marine, 571 U.S. at 61.

3

There seems to be no dispute that, in the absence of the policy's forum-selection clause, the District of Minnesota is a proper venue for this litigation. County Hall is authorized to do business in Minnesota, and as noted, Sunlight is a Minnesota company whose only office is in this State. Moreover, Sunlight entered into the policy in Minnesota and the policy contains several Minnesota-specific endorsements. Under 28 U.S.C. § 1391(b), venue is proper here.

The parties conflate the validity and enforceability inquiries, with Sunlight arguing that the disparity in bargaining power between it and County Hall, among other reasons, renders the forum-selection clause unenforceable. But disparity in bargaining power is relevant to the validity of the clause itself; whether the clause is enforceable depends on public-interest factors.[2] See ELA Med., Inc. v. Advanced Cardiac Consultants, No. 09cv3027, 2010 WL 2243435, at *4 (D. Minn. June 1, 2010) (Montgomery, J.) ("A forum selection clause is otherwise unreasonable if enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought."). Indeed, "Minnesota courts routinely enforce [forum selection clauses] and . . . there is no public policy in Minnesota that contravenes the enforcement of such a clause." Airtel Wireless, LLC v. Mont. Elec. Co., 393 F. Supp. 2d 777, 785 (D. Minn. 2005) (Frank, J.).

The presumption in favor of transfer discussed above applies only if the forum-selection clause is otherwise valid. To determine the clause's validity, the Court looks to

---

[2] Those factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Atl. Marine, 134 S. Ct. at 581 n. 6 (quotation omitted).

4

"general contract principles." Sheehan v. Viking River Cruises, Inc., No. 20cv753, 2020 WL 6586231, at *2 (D. Minn. Nov. 10, 2020) (Wright, J.). A forum-selection clause is valid if it is "freely negotiated" and "unaffected by fraud, undue influence, or overweening bargaining power." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972). Sunlight contends that the forum-selection clause was added to the 2019-2020 version of the policy without notice to Sunlight and with no opportunity to negotiate. Thus, according to Sunlight, the clause constitutes an invalid contract of adhesion.

A contract of adhesion is a "'take it or leave it' form contract between parties of unequal bargaining power." Cell v. Moore & Schley Sec. Corp., 449 N.W.2d 144, 147 (Minn. 1989). Minnesota recognizes that "insurance contract are contracts of adhesion." Travelers Indem. Co. v. Bloomington Steel & Supply Co., 718 N.W.2d 888, 895 (Minn. 2006). Although insurance contracts are enforceable, they are "strictly construed against the insurer." Id. And "federal courts have recognized that a forum selection clause contained in a contract of adhesion might be unenforceable." U.S. Bank Nat'l Ass'n v. Silicon Valley Fence Sales, Inc., No. 20cv2291, 2021 WL 37686, at *7 (D. Minn. Jan. 5, 2021) (Tostrud, J.).

Minnesota places the burden on the insurer to communicate substantial changes to the policy or risk a court voiding those changes. For example, an insurer that "substantially reduces the prior insurance coverage" when renewing a policy or amending an existing policy must notify the insured of the change. Canadian Universal Ins. Co. v. Fire Watch, Inc., 258 N.W.2d 570, 575 (Minn. 1977). The insurer's failure to notify the insured "shall render the purported reduction in coverage void" and a court will consider the policy as if

the change had not occurred.  Id.  While the new provision here did not "substantially reduce the prior insurance coverage," the provision did substantially change the parties' agreement, providing for litigation in a forum that Sunlight could not have anticipated and applying the law of a state that would not otherwise have any relevance to the parties' relationship.

If the clause is not a contract of adhesion, Sunlight also argues that the disparity in bargaining power between Sunlight and County Hall renders the clause invalid or at least raises a fact question as to the clause's validity.  Compare In re Union Elec. Co., 787 F.3d 903, 909 (8th Cir. 2015) (finding that public policy did not weigh against enforcement of forum-selection clause where the insured "is not a retail purchaser of insurance in need of legislative protection from an insurer with substantially greater bargaining power."). County Hall insists that it is inappropriate for the Court to consider the exhibits Sunlight has proffered in support of its argument that the insurance policy at issue is a contract of adhesion.  But even without the exhibits and without considering Sunlight's arguments regarding the difficulties of procuring insurance, the fact that County Hall inserted the forum-selection provision near the end of a 100-page insurance contract, without informing Sunlight it was doing so, could lead the factfinder to conclude that the provision is invalid. And whether the clause is invalid because of County Hall's failure to notify Sunlight of the change is a question that is not amenable to resolution on the pleadings.

Sunlight has raised a substantial question regarding the validity of the clause here that cannot be resolved without further record development.  Thus, the presumption in favor of forum-selection clauses does not apply and the Motion to transfer must be denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** the Motion to Dismiss or to Transfer (Docket No. 15) is **DENIED without prejudice**.

Dated: Friday, May 14, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge